12-3084 Mr. Lebrand ready to proceed May it please the court. This appeal and indeed this entire case is about a seven month delay between Miguel Perez's first and his follow-up appointments with a hand surgeon. A specialist who diagnosed Mr. Perez with a gaping wound from the subspace to the base of his thumb, a collateral ligament tear, and a ulnar deviation of the metacarpophalangeal joint. Now the prison's medical staff and its only doctor James Fenoglio gave no explanation for the delay. Instead after Perez finally returned to the hand specialist in December of 2010 and was ordered to receive either a custom-made thermoplastic splint or surgery, Dr. Fenoglio wrapped Perez's hand in an ace bandage and said quote this is your splint. Now we've raised a number of issues in our briefs but our primary point is that Perez's pro se complaint liberally construed and drawing all reasonable inferences in his favor states a plausible claim of deliberate indifference against Dr. Fenoglio and the other medical defendants and because the complaint isn't facially frivolous or harassing at minimum Perez should be given an opportunity to replead against all the defendants and we think to do so with the assistance of counsel. Well and maybe it's secondary but this retaliation claim that you're talking about it I don't see anything in the district court's ruling that addresses that. That's right your honor district court our condition is a district court completely missed it. It was in a grievance attached to the complaint and the documents attached to the point of part of the complaint and I think this is just a fundamental. It was in the grievances right? Yes your honor. So should shouldn't that be remanded for the district court to address in the first instance to see if it it passes the screening? That's one option your honor the question is does the. Just amend it on just amend the complaint with counsel on remand. Yes. If you want to pursue it you can. Absolutely and that's what our sort of fallback position in this entire appeal has been is basically this case should be at minimum remanded for this issue of the. I've got it I find it hard to see the silence on retaliation is an independent error here given Mr. Mr. Perez is pretty articulate about all this and he's he says what his claim is but that's part of what the process of distilling and amending pleadings is all about. Absolutely your honor and I completely understand the concern about Mr. Perez's ability to articulate his legal theory. He certainly did so with respect to medical delivery indifference claim but if the facts had been developed a little bit more the court would have become aware that of a jailhouse lawyer assisting Mr. Perez with his claims and so this wasn't necessarily indication of his own competence as indication of a jailhouse lawyers ability to articulate the medical delivery. Mr. LeGrand you you opened by focusing on the seven month delay in getting back to Dr. Johnson and his specialty. Are you also reserving I thought you also wanted to pursue a claim against nurse Brooks in essence for having you even if she wasn't allowed to suture this gaping wound that prevented Dr. Johnson or his staff from treating it immediately. I thought your argument also was that at least she should have gotten somebody else to suture it immediately even if she couldn't do it. That's correct your honor. I think the reason why I led with the seven month delay is because that's sort of the lens that this case should be viewed through. It's sort of indicative of the type of delay that Mr. Perez experienced during this injury but you know to start with Dr. Finolio I think the allegations against Dr. Finolio are pretty straightforward pretty clear and pretty detailed as well. Finolio initially made a determination that he said Perez would have to see a hand specialist an outside surgeon. He didn't stitch the wound. He didn't provide any pain medication. When did he first see Mr. Perez? It was the day after the injury. So when he when Perez first arrived at the infirmary he saw nurse Brooks and nurse Brooks didn't provide him any medication, didn't stitch the wound, basically put some gauze on his to cover up the open wound and said to come back tomorrow and you know I looked at the the calendar and that that the date that the injury occurred was a Sunday so I'm not quite sure if that's why Dr. Finolio wasn't available but this court has said that you know enjoying the holidays enjoying the weekends isn't an excuse for not treating. But then the doctor did see him the next day and just used an ace bandage. There was no real splint. That's right your honor and that ace bandage came in December of 2010 so that in fact the next day all the doctor did was basically say you have to go see a hand surgeon. So that was it in May Dr. Finolio did not provide any ace bandage whatsoever. So after Perez is seen for the first time by Dr. Johnson and the hand specialist and the recommendation is that there might need to be some casting or splint for the thumb injury but we can't close the wound we can't heal the injury because it's five days old. There's essentially, Perez alleges, no treatment between May and December. Now if allowed to amend he would he would make clear that he was going to see some of the nurses in the infirmary and would occasionally get his bandages replaced and he was provided by some of the nurses, not nurse Brooks, so not a defendant here, ibuprofen or Motrin over the course of that seven months. But Dr. Finolio never actually treated his injury during the course of that seven months and he complained about severe pain, about discomfort, etc. multiple times and it's only after his grievances were filed that he was he returned to the hand specialist. And so the ace bandage issue came up in December after the I think the recommendation is pretty clear that the hand specialist presented two options. One was a thumb split, a custom-made thermoplast splint, and the second option was surgery. And to be fair I think the state rightfully pointed out the the documents that we've attached to our brief and the hand specialist recommendation suggest in conjunction with those treatment options that Perez could try to live with it. But this was this was December of 2010 so this was seven months after the initial injury and if you if you look at those documents closely you'll see by this time or you can infer that the injury had had progressively gotten worse. At the initial consultation, the initial visit with the hand specialist, the recommendation was possible splinting or casting. By December 2010 the recommendation became surgery or a custom-made splint and one of the x-rays had revealed that there was a some wear and tear changes in the injury itself. So Johnson saw him I think December 6th and gave him this ace bandage and then it was the next month that he filed yet a third grievance asking for that custom splint. Yes your honor so but again if we were allowed to replead Perez would would make clear that he was asking for this orally over the course of the month before he filed his third grievance. Speaking of grievances, a number of the defendants it appears were processing the grievances and they're named as defendants. Can you elaborate on what what their their liability is? Yes your honor to be fair and to be frank we appealed the dismissal of the grievance defendants purely for preservation purposes. You know we recognize that Perez's allegations are a little bit of each of the grievance defendants and the state rightfully pointed out a body of case law that makes it very difficult to bring a claim like this against grievance defense or non-medical defendants. Yeah it's difficult but it's not impossible. Exactly your honor that's that's the point it's difficult not impossible and in fact if you read the complaint and the grievances in the light most favorable to Perez at least one of his grievances and in the subsequent appeals was denied while he was still waiting to be returned to the hand specialist. So it was denied the ultimate appeal was denied in November of 2010 and he had still not returned to the hand specialist until December and so the question then becomes did he put those grievance defendants on sufficient notice about the substantial risk of harm and did those grievance defendants essentially just rubber stamp the medical defendants judgment. You've also got this case may wind up presenting some issues that are in play a little bit concerning the privatization of this health care system because you've got if I understand this a public official who was kind of a gatekeeper is that right? That's absolutely right. And then you've also got Wexford that has may have had its own policies that may have affected this or there are some other issues concerning corporate liability under 1983. Yes your honor and we would argue that the complaint as stated now suggests or it's a reason that there was a policy or practice in place and discovery at least will reveal whether that policy contributed to the constitutional violation. The policy being that Wexford did not have an on-site doctor at the prison. Yeah well that's that's one your honor the other being that nurse Brooks for some reason was not allowed or couldn't stitch Perez's wound because there was no doctor there and she's in Perez alleges that nurse Brooks specifically said because there's no doctor here therefore I can't stitch your wound so I know it's a it's a it's a little bit of a significant inference to make but I think it's a fair inference in Perez's favor. Would the other policy have to do with her ability to provide medication when a doctor is not on duty? Yes your honor and that's something that the state raised and I'm happy they did because if in providing pain medication for an obvious injury significant pain that's another policy that we have to investigate. So your position is that Wexford would have to have policy in place that was unconstitutional in order to be liable? Or a policy practice or a custom that contributed to the constitutional violation so it's basically a causal element. Before you give that away, Judge Tinder and I've had discussions about this issue before and you should I don't see it cited in your opening brief I didn't check anything else but there's a case called Shields against Illinois Department of Corrections from earlier this year where the issue was raised about whether the Monell policy standard even applies to a corporation. As you can tell from Shields and Judge Tinders and my debate about that question and other things that's a would be the easier way to go. But that issue's out there. Thank you your honor I'll definitely look at Shields. Now you're into your rebuttal time do you want to save some time? Yes your honor unless the court has any questions I'll reserve the time for rebuttal. Thank you. Ms. Bochy-Ansah did I say that correctly? Yeah why don't you tell me what the correct... May it please the court, Assistant Attorney General Linda Bochy-Ansah on behalf of the Illinois Attorney General. We asked this court to affirm the district court's judgment for the following three reasons. First, despite the picture that Perez paints in his brief the evidence shows that none of the defendants were deliberately indifferent to his serious medical needs. Well what what meaningful treatment did the nurse Brooks provide to him? Your honor she examined his wound wrapped it with gauze and scheduled an appointment for the with the prison's physician for the following day. And no pain medication when it was an obviously serious wound? Your honor as some of this court's cases have recognized a nurse's ability to administer medication without a doctor having examined the inmate first may be limited but even... So how can that be decided on the pleadings? Even assuming that she could your honor this court's cases have also made clear that medical malpractice negligence or even gross negligence are not the same as deliberate indifference. And how do we tell the difference between those on the pleadings? We look to the actions that she did take which were to which essentially were to ensure that the wound wasn't still bleeding and covered it. So your position is that no discovery was needed the court could just decide it on the pleadings that the whole question of whether she had the confidence or the authority to provide more care whether the injury was constitutionally adequate we don't even get to that because discovery wasn't necessary. Your honor looking to sort of the totality of the inmates care and given that she did examine him and we have to presume that she made a medical judgment about the severity of his injury. Why do we have to presume that on the pleadings? Well in the absence of... I mean I I don't see how we avoid remanding this I gotta tell you but we cut you off with questions from the other two reasons you wanted to give us for affirming. That's okay I'm interested in answering what the court has questions on. How can we determine that from the pleadings? If you look at cases like Edwards versus Snyder where there was evidence on the pleadings or just based on the complaint of a medical official deciding that he was too busy celebrating New Year's Eve to provide the inmate with medical care. You know that's a case where it was dismissed on the pleadings and this evidence there it should be remanded for the medical officials to provide explanations but in here... So are you saying that only it only in that kind of situation should... so only if that's pled can a plaintiff go forward? Well I wouldn't say that's the only instance but that is one instance where a decision on the pleadings. Well yeah he makes allegations here in his complaint and the various grievances that the wound is still open and that goes seven months before he truly gets treatment on it. That seems to be enough to get by a 1915a screening. Your Honor if you look at his grievances and at the documents that he's attached to his complaint and to his appellate brief the picture is a little different. It's not the case where he you know was seen once and completely ignored for seven months until he received treatment again. What happened is he was examined by the prison's doctor on the day after his injury. The doctor determined at that point that he needed to see an outside specialist so he saw the outside specialist shortly thereafter. The specialist proposed a number of different options and suggested... None of which he wound is still open and we want to see him next week and he didn't see him for seven months. They wanted to see him next week to do a wound check. Yeah. Not necessarily to you know suture it or stitch it or anything but just to do a wound check and because this is a doctor, Fenoglio is a doctor, the most likely inference is that he decided he was able to care for his wound by himself rather care for Perez's wound on his own and that there wasn't a need to go back to the Carl Clinic. So that's what he was doing so that's the theory from May 21st till December 6th he was just taking care of it himself. He was ordered to have twice daily treatment and to have other appointments but those appointments never happened. Your Honor if you one of his grievances does make clear that Fenoglio was examining him during this time period. I believe it's the January 2011 grievance where he says that you know I have been seen by various nurses and Fenoglio up until the point where Fenoglio decided that he should be sent back to the Carl Clinic in December 2010. So based on that language in the grievance we should affirm the dismissal? As well as the documents that they've attest to their pleadings which show that when he did return to the Carl Clinic his laceration was well healed. They suggested various options he suggested various options to help with the range of motion among them and actually the first option that they suggested was for him to try and manage the symptoms to live with it and see how it goes because if they were to do a surgical procedure that would be the same whether they did it immediately or in a three-year period. So if you look to... These are all interesting debates I don't see how we possibly resolve them on the pleadings but particularly with a dismissal with prejudice. Whether the this court has suggested you know the district court in this case found that Perez had failed to state a claim on which relief can be granted and this court's decisions say that that dismissal should be with prejudice. Now we do acknowledge that there is a case from the circuit which says you know they should be given up an opportunity to replead but in the cases that we cited in our brief certainly stand for the proposition that dismissal should be with prejudice. There there are cases I'll tell you I at the end of the plaintiff's brief there's a fairly lengthy footnote in essence noting that the problems with dismissal sua sponte dismissals with prejudice noting that okay want a prosecution but those we deal with a lot of volume of as I'm sure your office does of claims without a whole lot of merit to them and that fit into the frivolous or harassing category. I don't see how this does. This was dismissed for failure to state a claim not for being facially frivolous or harassing. So if he now if are you suggesting we should apply different standards to prison complaints as opposed to just somebody who pays the filing fee? Your Honor I'm not suggesting that at all based on this court's precedent in the cases that we cited dismissal under the circumstances that we have here should be with prejudice. That's the law in this circuit. Which cases in particular? Gladney and I'm just curious is there ever a time when you see in your office a complaint like this filed and see that it's a dismissal without prejudice that you I don't know motion up something before the judge to discuss it. I mean it just strikes me when you look at the type of injury that was alleged here in the long period which he did have in his complaint that he alleged she didn't receive treatment that there would be some investigation in your office. I mean I'm not trying to get into your back office decisions but I'm just curious. Your Honor I'm not aware I'm not aware of that and although he does allege that he went through this long period without any treatment again there's other evidence in the record including other evidence in his own grievances which show that he was receiving treatment during this time. I guess treatment is in the eye of the beholder. It is and because because to just let something languish with no real action here which is you know how I read this the ace bandage given the wound and given the extent of the injury requires more than just an ace bandage but. Your Honor this court has said that an inmate is entitled to adequate medical care and if you look at the recommendations from the specialists at the Carl Clinic they suggest among the treatment options to just live with it. So we submit that wrapping his hand with an ace bandage is at least consistent with the suggestion that he try and just live with it. The evidence also shows that the non-medical defendants checked his medical records to confirm that he was being treated during this time period by the medical staff and because they had no reason to believe that he was being mistreated their actions were entirely consistent with the division of labor that this court has described in previous cases. Second Perez did not raise a claim for retaliation. In general the complaint has to inform the district court and the other parties of the issues sought to be litigated and in this case his complaint focused solely on defendants treatment of his injured hand. Third the court did abuse its discretion by not recruiting an attorney to represent Perez. Let me go back though to the retaliation. Didn't he say in his complaint that his treatment was in retribution so he doesn't use the word retaliation but he says in retribution for a past grievance? That was in a grievance attached to his complaint not in the complaint itself and I understand that this court does consider documents attached but it's still incumbent on the litigant even a pro se litigant to state the issues in you know the document that's in the statement of the claim state the issues that he wants to litigate and in this case he put together a pretty comprehensible explanation of the claim that he sought to be litigated which was that defendants improperly in his view treated his injured thumb. So with regard again to his constitutional claim the to ensure that the inmates receiving adequate medical care but as this court has observed there's more than one acceptable way to practice medicine in prison and we look to the totality of an inmate's care in determining whether he whether that care was deliberately indifferent. Here even if the defendants didn't respond to his requests as quickly as he would have liked or in the manner that he would have preferred the Eighth Amendment prohibits cruel and medical malpractice negligence and gross negligence are not the same as deliberate indifference and his allegations as well as the documents that he's attached to his pleadings show that he can't satisfy the high hurdles imposed on claims of deliberate indifference. So to state a claim of deliberate indifference against the doctor plaintiffs allegations have to show that the doctor's choice of treatment was so far afield of accepted professional standards to raise the inference that it was not based on medical judgment. Here Perez's allegations show that Fenoglio examined him several times over that six or so month period and twice referred him to see an outside hand specialist. Fenoglio's behavior does not show or does not suggest that he disregarded a serious risk to Perez's health and safety. Instead his the documents attached to his filings show that Fenoglio implemented a course of medical treatment that was consistent with what the outside specialist had recommended. And the evidence also suggests that the specialist at the Carl Clinic advised Perez to avoid surgery if he could so it's inaccurate to suggest that there was a delay in his being operated on. The non-medical defendants Vaughn, Moran, Riker, Fairchild, and Taylor were all responsible for reviewing his grievances and as we explained in our brief by the time each defendant reviewed his grievance from May of 2010 and his appeal of the denial of that grievance Perez's records show that he was being treated by medical professionals. Non-medical prison officials are of course entitled to rely on the medical professionals to handle the inmates medical needs and nothing in the record suggests that he even made a complaint about the type of treatment that he was being given until his grievance from January 2011 and the record doesn't contain a response to that grievance but shortly after he filed it he was taken back to the Carl Clinic and he credits the non-medical officials for ensuring the follow-up appointment. With regard to Martin although Perez referred to him in the complaint as the liaison between Wexford and the prison none of his allegations suggest that Martin knew of his injury or of the type of treatment that he was receiving and the district court properly dismissed him for that Regarding Wexford, Perez's complaint did not identify an unconstitutional policy or practice that it adopted or condoned. On appeal he argues that Wexford maintained a policy of not having a full-time doctor stationed at the prison but the Constitution doesn't require specific medical practices it only requires that the inmate receive adequate care. With regard to the retaliation argument again Perez was responsible for giving the defendants fair notice of what his claim was and the grounds on which it rested and it said nothing about retaliation. This court has ruled that a party is not allowed to add a new legal claim to his complaint on appeal. I see that my time has expired for these reasons and the reasons stated in our questions we ask you to affirm. Thank you. Thank you. Thank you. How much time does he have? Three minutes. Thank you Your Honor. Just to start with the retaliation claim this court has said plenty of times you don't have to plead a legal theory in your complaint so the facts are sufficient to state a claim and the facts as attached to this complaint state of retaliation claim. Counselor of the State mentioned Edwards. Edwards v. Snyder I think is a case that's just devastating to their side. In that case in fact there was a two-hour delay before the prison doctor saw the prisoner and there was a two-day delay before the prison doctor reset the prisoner's finger and ordered x-rays. In this case this court let that case go forward so that kind of delay provision of some treatment just isn't enough to screen a complaint on 1958. State mentioned that Perez was seen by Dr. Faniglio and he says that in his complaint. He actually says you know I was seen here by Dr. James Faniglio after a couple of visits he referred me back to the Carley Clinic. Read most with all reasonable inferences in Perez's favor he says nothing about receiving treatment. He just says he was seen and in fact that's what he will re-allege if given an opportunity to re-plead that he was just seen and he complained about the pain complained about needing to go back to the to the hand specialist and he only saw him a couple of times so a couple literally meaning two. With regard to dismissal with prejudice again I think the the cases that the state cites for dismissal with prejudice are all cases in which there are sort of no set of facts that the plaintiff could prove consistent with the allegations and recover on the theories that they allege. That's just not the case here. If in fact Perez has alleged negligence all he needs to do is prove state of mind and he can recover for deliberate indifference. So dismissal with prejudice just wasn't appropriate here. There was one thing that I neglected to mention your honor in my opening and I talked to State's counsel about this before argument. So there are a couple of his surgery. In fact I received a call last night from Perez's wife and he received that surgery in March 2011. So I need to correct the record on that. I apologize for that error. Unless the court has any other questions. So it was all in all about ten months then before he received the surgery. Yes. Is Mr. Perez still in custody? He is your honor but he was recently transferred to I mean just like a few weeks ago transferred to a different institution. And so now he has access to some of the papers that he didn't have access to before. So that was one of his prayers for relief in his complaint. Yes your honor. All right. Thank you. Thank you both counsel for the fine argument. We'll take the case under advice.